RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0035-16T4

J.D.,

 Plaintiff-Appellant,

v.

D.R., HIGHTSTOWN HIGH
SCHOOL, EAST WINDSOR REGIONAL
SCHOOL BOARD and EAST WINDSOR
REGIONAL SCHOOL DISTRICT,

 Defendants-Respondents.
_______________________________

 Submitted September 26, 2017 – Decided October 6, 2017

 Before Judges Fasciale and Sumners.

 On appeal from Superior Court of New Jersey,
 Law Division, Mercer County, Docket No. L-
 0796-16.

 Fuggi Law Firm, PC, attorneys for appellant
 (Robert R. Fuggi, Jr., of counsel; Carrie Ayn
 Smith, on the brief).

 Mellk O'Neill, attorneys for respondent D.R.
 (Arnold M. Mellk, of counsel; Edward A.
 Cridge, on the brief).

 Campbell Campbell Edwards & Conroy, PC,
 attorneys for respondents Hightstown High
 School, East Windsor Regional School Board,
 and East Windsor Regional School District
 (Bryan D. McElvaine and Meaghann C. Porth, of
 counsel and on the brief).

PER CURIAM

 Plaintiff appeals from a May 20, 2016 order denying his motion

to file a late notice of tort claim against D.R. (High School

Teacher), Hightstown High School, East Windsor Regional School

Board, and East Windsor Regional School District (collectively

defendants); and a July 22, 2016 order denying reconsideration.

Plaintiff failed to demonstrate extraordinary circumstances

justifying the late filing. We therefore affirm the orders under

review.

 Plaintiff alleges that his High School Teacher sexually

abused him between 1983 and 1987. In June 2013, plaintiff

experienced panic attacks, which led to his hospitalization. In

July 2013, plaintiff's counselor diagnosed him with depression and

panic disorder. In August 2013, plaintiff's psychiatrist

diagnosed him with panic disorder, and assessed the differential

diagnoses between a major depressive disorder and bipolar

disorder. His condition improved, but in June 2014, plaintiff's

panic symptoms returned. That summer, the doctors entertained

ADHD as a possible additional diagnosis. Plaintiff continued

treatment for his medical condition.

 2 A-0035-16T4
 Plaintiff began psychotherapy in October 2014. On May 14,

2015, his psychotherapist noted "[plaintiff] reports breakthrough

this week[,] including learning of the [High School Teacher's]

responsibility and feeling the anger for the first time[.]" In

July and August 2015, plaintiff's psychotherapy sessions focused

on his relationship with the High School Teacher. On September

11, 2015, a nurse practitioner reported that plaintiff "started

talking to [his] family about [his] anxiety and [his] affair with

[the High School Teacher]." The nurse practitioner added post-

traumatic stress disorder to plaintiff's condition, and on

December 14, 2015, she recorded in her notes that plaintiff

understands that his relationship with the High School Teacher

"impaired and interfered with [his] relationships in life."

 On April 13, 2016, plaintiff filed his motion for leave to

file a late notice of claim pursuant to N.J.S.A. 59:8-9, which

states:

 A claimant who fails to file notice of his
 claim within [ninety] days as provided in
 [N.J.S.A.] 59:8-8 . . . , may, in the
 discretion of a judge of the Superior Court,
 be permitted to file such notice at any time
 within one year after the accrual of his claim
 provided that the public entity or the public
 employee has not been substantially prejudiced
 thereby. Application to the court for
 permission to file a late notice of claim
 shall be made upon motion supported by
 affidavits based upon personal knowledge of
 the affiant showing sufficient reasons

 3 A-0035-16T4
 constituting extraordinary circumstances for
 his failure to file notice of claim within the
 period of time prescribed by [N.J.S.A.] 59:8-
 8 . . . or to file a motion seeking leave to
 file a late notice of claim within a
 reasonable time thereafter; provided that in
 no event may any suit against a public entity
 or a public employee arising under this act
 be filed later than two years from the time
 of the accrual of the claim.

To excuse his failure to file a notice of claim within ninety days

of the action's accrual, plaintiff was required to demonstrate

"sufficient reasons constituting extraordinary circumstances."

Ibid. The judge found that plaintiff failed to do so.

 On appeal, plaintiff argues that he demonstrated

extraordinary circumstances; his psychological impairments

constituted sufficient reasons to excuse the late filing; the

judge erred in considering his failure to submit an affidavit to

support his motion to file a late notice of claim; and the judge

failed to conduct a Lopez1 hearing.

 Our standard of review of an order granting or denying a

motion for leave to file a late notice of claim under the Tort

Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, is abuse of discretion.

McDade v. Siazon, 208 N.J. 463, 476-77 (2011) (citing Lamb v.

Glob. Landfill Reclaiming, 111 N.J. 134, 146 (1988)). We see no

abuse here. After reviewing the record and the briefs, we conclude

1
 Lopez v. Swyer, 62 N.J. 267 (1973).

 4 A-0035-16T4
that plaintiff's arguments are without sufficient merit to warrant

discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm

substantially for the reasons expressed by Judge William

Anklowitz. We add the following brief remarks.

 The record reflects that plaintiff knew about the alleged

connection between his medical condition and the affair by December

14, 2015. Plaintiff's expert stated that "with the introduction

of psychotherapy . . . [plaintiff] was . . . able to make the

connection between his abusive sexual and emotional relationship

with [the High School Teacher], and his psychiatric symptomology."

The expert's report acknowledged plaintiff's progress and his

ability to discuss the matter with his family. The expert further

noted that plaintiff recognized the connection in May 2015, when

his psychotherapist recorded that recognition. Plaintiff had

ninety days from May 14, 2015, or the latest, from December 14,

2015, to file the notice of tort claim, but filed the notice in

April 2016, well beyond the ninety-day deadline.

 When, in 1994, the Legislature added the "extraordinary

circumstances" language to N.J.S.A. 59:8-9, its intent was to

replace a "fairly permissive standard" with a "more demanding"

one. Lowe v. Zarghami, 158 N.J. 606, 625-26 (1999); see also

Beauchamp v. Amedio, 164 N.J. 111, 118 (2000). Plaintiff's reasons

for not timely filing a notice of claim are insufficient to

 5 A-0035-16T4
overcome this demanding standard. The judge correctly denied the

motion.

 We reject plaintiff's contention that the judge erred in

failing to conduct a Lopez hearing. "A Lopez hearing is only

required when the facts concerning the date of the discovery are

in dispute." Henry v. Dep't of Human Servs., 204 N.J. 320, 336

n.6 (2010) (citation omitted). Here, the cause of action's accrual

date was not in dispute as plaintiff repeatedly held it to be May

14, 2015.

 Affirmed.

 6 A-0035-16T4